UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

NOT FOR PUBLICATION

MAURICE KINGWOOD,

          Plaintiff,

-against-

ALAN I. STUTMAN and CARMEN GIORDANO,

          Defendants.
----------------------------------------X

MEMORANDUM
AND ORDER

05-CV-2060 (ARR)

ROSS, United States District Judge:

Plaintiff, currently incarcerated at Elmira Correctional Facility, brings this *pro se* action under 42 U.S.C § 1983, alleging that defendants conspired to violate his civil rights. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), but dismisses the complaint for the reasons set forth below.

## BACKGROUND

Plaintiff alleges that in December 1989 he was arrested for murder and taken to the 67th Precinct in Brooklyn for questioning. Compl. ¶ 6. At the time, other suspects were being held and were segregated from one another. Id. ¶ 12. Plaintiff alleges that he made a videotaped statement that he did not kill the victim and that someone else shot the victim and left the scene. Id. ¶ 7. Thereafter, plaintiff was appointed counsel—defendant Alan Stutman. Id. ¶ 9. Plaintiff alleges that he requested that his counsel provide him with "all documents of the case and evidence against him, which Mr. Stutman did not do." Id. ¶ 11. Upon his counsel's advice, plaintiff pled guilty. Id. ¶ 15.

Plaintiff alleges that in 2004 he came into contact with the co-defendants from his criminal case—Charles Harrison and Rafael Cruz; plaintiff met Harrison at Southport Correctional Facility and Cruz at Auburn Transit. Id. ¶ 14. Plaintiff alleges that he learned from

Harrison and Cruz that Harrison was actually the triggerman and that Harrison admitted to the murder in an unusual incident police report. Id. ¶ 14-16. Plaintiff alleges that Cruz told him, "Were you high on drugs to cop-out to a murder you didn't do!" to which plaintiff replied that he did not know that Harrison had already pled guilty. Id. ¶ 16.

Plaintiff alleges that he was "coerced to make a plea unknowingly," and that he would not have been convicted of manslaughter had defendant Stutman appeared before the grand jury "with all documents that say[] Charles Harrison admitted and committed the murder." Id. ¶ 20. Further, plaintiff alleges that ADA Giordano had stated in a state court document withheld from him that the "co-defendant had shot and killed the victim." Id. ¶ 21. Plaintiff alleges that Giordano violated his civil rights, as she "knew that plaintiff did not kill [the] victim in his case and accepted a sum of money with [Stutman] in 1991 to get the plaintiff to plead guilty." Id.

Plaintiff unsuccessfully challenged his conviction through post-conviction motions. Id. ¶ 19. On March 22, 2004, this Court dismissed plaintiff's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 as time-barred. Kingwood v. People of the State of New York, No. 03-CV-3459 (ARR), slip op. at 5 (E.D.N.Y. Mar. 22, 2004). Plaintiff's instant action seeks declaratory and injunctive relief for defendants' violation of his civil and constitutional rights. Compl. ¶ 24.

## DISCUSSION

A. Standard of Review

Under 28 U.S.C. § 1915A, this Court has the authority to review a prisoner's complaint in order to identify any cognizable claims or dismiss the complaint, or any portion thereof, if it: (1) is frivolous, malicious or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. As plaintiff is proceeding *pro se*, this Court is obliged to construe his pleadings liberally, particularly as they allege civil rights

violations. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004) (citing Weinstein v. Albright, 261 F.3d 127, 132 (2d Cir. 2001)). Thus, this Court must interpret plaintiff's pleadings as raising the strongest argument they suggest. Id.

B.   Plaintiff's Lawyer

Plaintiff's claim against defendant Stutman is dismissed for lack of state action. A claim for relief under § 1983 must allege facts showing that the defendant acted under color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. See Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 155-57 (1978); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970). As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quotations omitted).

It is well-established that a court-appointed attorney performing a lawyer's traditional function as counsel to a defendant does not act under color of state law, and therefore Stutman is not subject to suit under 42 U.S.C. § 1983. Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997); Tucker v. Kenney, 994 F. Supp. 412, 417 (E.D.N.Y. 1998). Thus, plaintiff's claim against Stutman is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

C.   The Prosecutor

Likewise, plaintiff's claim against ADA Giordano must be dismissed for failure to state a claim upon which relief may be granted. Any complaint asserting violations of civil rights "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple, and conclusory statements are insufficient to state a claim under § 1983." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir.1987). Plaintiff's minimal, conclusory allegations regarding defendant Giordano—e.g., "she knew that

plaintiff did not kill this victim in his case and she accepted a sum of money with my lawyer in 1991 to get the plaintiff to plead guilty"—are clearly insufficient to state a claim that the defendant violated his constitutional rights. Accordingly, plaintiff's claim against defendant ADA Giardono is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

D.  Injunctive Relief

Moreover, there is no basis for plaintiff's claims seeking injunctive relief. Plaintiff requests that this Court bar the defendants "from ever practicing law in the United States" and seeks to initiate criminal proceedings against the defendants "for their unlawful acts and practices against plaintiff." Compl. ¶ 24. With regard to disciplinary actions against attorneys, this is a matter governed by state law. See generally N.Y. Jud. Law § 90(2) (McKinney 1983). However, there is no federal constitutional right to have disciplinary proceedings instituted against these defendants. See Osuch v. Gregory, 303 F. Supp. 2d 189, 194 (D. Conn. 2004); Mahapatra v. Comstock, No. 94-CV-0132 (FJS), 1996 WL 760160, at * 3 (N.D.N.Y. Dec. 31, 1996). In addition, it is well established that a private citizen has no standing to compel the initiation of a criminal prosecution. See Leeke v. Timmerman, 454 U.S. 83, 86 (1981) (*per curiam*) ("a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another") (quoting Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)). Therefore, plaintiff's claims for injunctive relief under 42 U.S.C. § 1983 against these defendants are dismissed.

E.  Statute of Limitations

Finally, plaintiff's claims are time-barred. In New York, federal courts apply a three-year statute of limitations period to § 1983 claims. Owens v. Okure, 488 U.S. 235, 251 (1989); Harris v. City of New York, 186 F.3d 243, 248 (2d Cir. 1999); Tapia-Ortiz v. Doe, 171 F.3d 150, 151 (2d Cir. 1999). Federal law determines when the limitations period begins to accrue. Zahorgy v.

New York State Dep't of Educ., 131 F.3d 326, 331 (2d Cir. 1997). Under federal law, the statute of limitations begins to run from the date on which "the plaintiff knows or has reason to know of the injury which is the basis of his action." Pinaud v. County of Suffolk, 52 F.3d 1139, 1156 (2d Cir. 1995) (internal quotation omitted). A plaintiff has reason to know of the basis for the cause of action when by the exercise of reasonable diligence it should have been discovered. See id. at 1157.

Here, the actions plaintiff complains of occurred around the time he plead guilty in 1991; plaintiff filed the instant action on April 15, 2005. Thus, his complaint is time-barred unless the limitations period was tolled. Plaintiff alleges that he discovered defendants' wrongdoing in the years 2001-2005, after "put[ting] in a number of petitions to obtain documents and very important information as to why his lawyer did not give him documents and after he learned a little about the law, and also, ran into both of[] his old co-defendants." Compl. ¶ 13 (emphasis in original). However, plaintiff's alleged research and communication with his co-defendants do not serve to toll the limitations period. Plaintiff, exercising reasonable diligence, clearly had reason to know of the injury which is the basis of his action within the three-year limitations period. See Pinaud, 52 F.3d at 1157.

Further, in a prior action before this Court, plaintiff alleged that he found out that Charles Harrison admitted to the murder prior to his conviction. According to plaintiff's allegations in the prior action, "he ... moved to take his plea back, and was denied ... . Thereafter ... defendant requested to have a new lawyer," and was denied by the trial judge. Kingwood, slip op. at 4 (E.D.N.Y. Mar. 22, 2004). Even if plaintiff had stated a claim upon which relief may be granted against these defendants, plaintiff presents no basis for tolling the three-year statute of limitations period, and therefore his complaint is time-barred.

## CONCLUSION

Accordingly, the complaint is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
May 13, 2005

Signed /
_____
Allyne R. Ross
United States District Judge